## RICHARDS, Executor, v. DONNER.*

### No. 9579; August 12, 1886.

#### 11 Pac. 770.

**Deed of Gift—Undue Influence.**—Where a Deed of Gift was Executed upon consideration of love and affection, and afterward suit was brought by the grantor to cancel the deed, charging the grantee with using undue influence over the grantor in procuring the execution of the deed, in the absence of proof of such undue influence, or of any degree of turpitude on the part of the grantee in receiving and recording the deed, held, that the deed was valid.

---

[1] Cited and approved in Murray v. Johnson (S. D.), 134 N. W. 207, where the plaintiff had offered no proof of the signature of the administrator attached to the rejection of the claim, relying on the clerk's testimony that the claim was "a record of the probate court." The court says that since the statute does not require a rejected claim to be filed, it follows that a rejected claim is not, and cannot be, such a record.

*For subsequent opinion in bank, see 72 Cal. 207, 13 Pac. 584.

J. E. Richards, S. F. Leif and Moore, Laine & Johnson for respondent, Richards, executor; S. O. Houghton, J. T. Campbell and Rutledge & McConnell for appellant, Donner.

FOOTE, C.—This action was originally brought by A. W. Peck, in his lifetime (for whom his executor, Richards, has been substituted), for the purpose of canceling a deed of gift made by said Peck to the defendant, M. E. Donner, while he was in such an enfeebled mental condition, and so cir-cumstanced in his surroundings, as that he did not under-stand or appreciate the nature, effects, and consequences of the execution and delivery of that deed. A judgment was rendered for the plaintiff, and from that, and an order deny-ing her a new trial, the defendant has appealed. ·

Several points are presented by appellant for considera-tion; but in the view we take of the case, as hereinafter set forth, it is unnecessary to pass upon them.

The court found, in substance, as grounds for rendering judgment for the plaintiff, that A. W. Peck, while a visitor at the house of the defendant's mother, where the defendant re-sided on the twelfth day of April, 1882, received a severe paralytic stroke, which greatly weakened his physical and mental faculties; that while in such condition, on the twen-tieth day of April, 1882, still sojourning in the house of de-fendant's mother, he proposed to make a will of the property in controversy to the defendant, toward whose family for many years he had entertained intimate and familiar friend-ship; that on the next day, by the advice of John Walker, a neighbor and friend of that family, and the acting exec-utor of defendant's father, he was induced to consent that a deed, rather than a will, should be prepared—Walker having assured him it would be more advantageous and less trouble and expense so to transfer the property to Mary E. Donner; that he had no other advice on the subject, and that Walker did not explain to him the difference between a will and a deed in their effects and consequences as to him, A. W. Peck; that on that day, and following imme-diately such advice, and without such explanation, a deed of grant, bargain, and sale, upon consideration of love and affection, was prepared and presented tò him, which he there and then signed and acknowledged, and that it was

the deed under consideration in the cause—he believing, at the time he signed the deed, that he was in imminent danger of death, having informed the party witnessing the same that "he might not be living on the following day"; that, after the signing and acknowledging of said deed, it was, at his request, taken in charge by the notary taking the acknowledgment thereof; that he afterward, on the third day of May, 1882, procured his old friend Beach to correct the description therein of the property conveyed, and gave it to the mother of the defendant for the latter; that there was no consideration moving him, in the execution of the deed, save love and affection; that at all those several times he stated that he was to have the control of the property conveyed, and its usufruct as long as he lived, and that he was assured that such should be the case by said defendant; that he not only relied on her statement as true, but believed that such advantages, uses, and right of property were assured to him by the deed he had executed and delivered, and had he been made to understand that such was not the case he would not have made such deed; that during all those times of his illness, up to the sixth day of July, 1882, he remained in the family and at the house of defendant's mother, and the greater part of that time was under treatment by a physician called by said mother, which said physician had drafted said deed, and, as a notary, taken the acknowledgment thereof; that no other solicitations or representations were made to him about the relative characteristics and legal force of a will or deed by anyone except said John Walker, nor any fraud or misrepresentation practiced by anyone, except so far as he was deceived with the belief that he had, by the terms of that deed, reserved to himself during his life the use and occupation of the premises conveyed, which was brought about by the silence of the defendant, and that of her mother and others present; that on the ninth day of August, 1882, Peck demanded of the defendant in writing that she reconvey his property to him, and that a proper deed for such purpose was tendered for her execution, as also the money necessary for her attention thereto and proper acknowledgment thereof; that such demand and tender was made before suit brought, and the demand entirely refused; that at no time after the

signing of said deed did Peck ratify or affirm it; that from the time he received the paralytic shock, on the twelfth day of April, before the signing of the deed, until his death, he continued in feeble health, and greatly impaired in mind and body; that Peck died on the tenth day of September, 1882, in Santa Clara county; that he left a will which was duly admitted to probate, of which John E. Richards, who has since his death been substituted for him as plaintiff, was constituted executor, and that he was duly qualified and acted as such.

As a conclusion of law from these facts it was found that the plaintiff was entitled to reconveyance of the property described in the complaint and the deed in controversy, and to recover his costs.

We do not think that the facts, as found by the court, show the least degree of turpitude on the part of Miss Donner in receiving and recording the deed which Peck made to her. He executed the deed after consultation with Walker, with whom no one is shown to have used any influence whatever. She was a young woman to whom Peck was strongly attached. He had often declared his intention to give, at his death, what he possessed to her or her mother. He was not solicited in any way by her or her mother to execute the deed; and some days after he had executed it he corrected the description of the property therein by the assistance of a good friend of his—thus showing no disposition to revoke the deed, because it was not a will. The defendant sent him a power of attorney, as he requested; thus, at least, showing her good faith in fulfilling her promise to him that he should enjoy the rents and profits of the property he had given her.

The matter charged against her was undue influence over Peck in the execution of the deed of gift. She is never by the findings placed in any position whereby she either could or did influence Peck to make this deed; and if a mistake was made by him, and that which he intended to execute as a will he did make a deed, it was his mistake, with which, upon the issues in this cause, Miss Donner, so far as the record discloses, has nothing to do.

We are of opinion that the judgment and order should be reversed, and the court below directed to enter judg-

ment in favor of Miss Donner on the findings in accordance with the views we have herein expressed.

We concur: Belcher, C. C.; Searls, C.

By the COURT.—For the reasons given in the foregoing opinion the judgment and order are reversed and cause remanded, with directions to the court below to enter judgment in favor of defendant.